# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DAN BUNKERING (AMERICA) INC.,**

    **Plaintiff,**

**v.**

**EPIC ARAPAHO** *in rem*
**EPIC DIVING & MARINE SERVICES LLC** *in personam*
**EPIC COMPANIES, LLC** *in personam*,

    **Defendant.**

Case No.: 19-cv-00415-TFM-MU

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Plaintiff, Dan Bunkering (America) Inc. ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an order appointing Global Maritime Security ("Global Maritime") as substitute custodian of the EPIC ARAPAHO (the "Vessel"), and represent the following:

1. On July 22, 2019, Plaintiff initiated the above-styled action praying that the Vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims against the Vessel and for other proper relief.  Rec. Doc. 1.

2. On July 22, 2019, the Clerk of the Court issued a Warrant of Arrest directing the United States Marshal for the Southern District of Alabama to seize, and take into possession and hold the EPIC ARAPAHO, her engines, rigging, tackle, appurtenances, equipment, furnishings and fixtures.  Rec. Doc. 8.

3. Pursuant to the Warrant of Arrest, it is contemplated that the Marshal will seize the Vessel forthwith. Custody by the Marshal requires the services of one or more custodians and other services usually associated with safekeeping vessels similar to the EPIC ARAPAHO.

4. The Vessel is currently moored in the Epic Alabama Shipyard, located 660 Dunlap Drive, Mobile, AL 3660. Global Maritime, located at P.O. Box 1701, Gretna, LA 70054, has agreed to assume the responsibility of safekeeping the Vessel and has consented to act as custodian of the Vessel upon order of this Court, at the rate of $35 per hour. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Vessel to the substitute custodian for safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Global Maritime by declaration of John Saltzman, attached hereto as Exhibit A and made a part hereof, avers that it has adequate facilities and supervision for proper maintenance and safekeeping of the Vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

THEREFORE, in accordance with the representations set forth in this motion, Plaintiff requests this Court to enter an order appointing Global Maritime as Substitute Custodian for the Vessel.

    Respectfully submitted,

    **ADAM AND REESE LLP**

    /s/ Neal C. Townsend
    NEAL C. TOWNSEND
    (TOWNN0210)
    11 North Water Street, Suite 23200

Mobile, Alabama 36602  
Tel: (251) 433-3234  
Fax: (251) 438-7733  
Email: neal.townsend@arlaw.com  
***Attorney for Dan Bunkering (America) Inc.***
