## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DAN BUNKERING (AMERICA) INC.,

      **Plaintiff,**

v.

EPIC ARAPAHO *in rem*
EPIC DIVING & MARINE SERVICES
LLC *in personam*
EPIC COMPANIES, LLC *in personam,*

      **Defendant.**

Case No.: 19-cv-00415-TFM-MU

## DECLARATION OF SUBSTITUTE CUSTODIAN

I, John Saltzman, am the authorized agent of Global Maritime Security, a Louisiana corporation, and declare as follows:

1.     I am the General Manager at Global Maritime Security (hereinafter "Global Maritime"), the proposed substitute custodian in this case, and competent to make this affidavit.

2.     The Vessel EPIC ARAPAHO is currently located at the Epic Alabama Shipyard, in Mobile, Alabama.

3.     The Vessel shall remain at its current location or properly moored within the Southern District of Alabama.

4.     Global Maritime is familiar with the EPIC ARAPAHO and can adequately supervise and safely keep the Vessel in lieu of the United States Marshal during the pendency of this suit and until further order of this Court.

5.      In this regard, Global Maritime agrees to provide all services necessary for the proper custody and safekeeping of the Vessel during the substitute custodianship, including security by providing a licensed watchman onboard the Vessel while the Vessel remains under attachment.

6.      Global Maritime will make arrangements to keep the Vessel at a proper location within this District and will arrange to furnish a proper berth, anchorage, or mooring for the Vessel.

7.      Global Maritime agrees to accept substitute custodianship of the EPIC ARAPAHO in accordance with the proposed Order Appointing Global Maritime Security as Substitute Custodian upon delivery of a signed copy of said Order, and to Acknowledge receipt of the Vessel.

8.      Global Maritime has adequate liability insurance and assets adequate to respond in damages for loss of or injury to the Vessel during said custody, or for damages sustained by third parties due to the negligence of Global Maritime or its employees or agents committed during said custody.

9.      Global Maritime acknowledges that all outstanding bills and costs/expenses incidental to the keeping of the Vessel by the substitute custodian will be paid by the Plaintiff. The United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible do not assume any liability or responsibility for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on July 23, 2019.

Dated: July 23, 2019

_____
John Saltzman, General Manager
Global Maritime Security